# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Gordon Miles, | Case No. 0:19-cv-1567 (JNE/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| LLoid Hartley, et al. | |
| Defendants. | |

      This matter is before the Court on plaintiff Gordon Miles's Motion to Strike. (ECF No. 61.) Specifically, Mr. Miles seeks to strike from the record some of the defendants' Motion for Judgment on the Pleadings (ECF No. 50) and related filings as untimely and perjurious. After careful consideration, the Court DENIES Mr. Miles's motion.

      Mr. Miles contends that the Motion for Judgment on the Pleadings and the related filings should be stricken for two reasons: First, the cover letter accompanying the physical courtesy copies, though addressed to "the Honorable Joan N. Ericksen," references an unrelated case and begins with "Dear Judge Thorson"; and second, Mr. Miles asserts that though the motion and its related materials are all dated December 4, 2019, the package he received containing the materials was postmarked December 9, 2019.

      Federal Rule of Civil Procedure 12(f) permits the court to strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike are rarely granted and generally "viewed with disfavor." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). Against this legal backdrop, it is clear that Mr. Miles's motion must fail.

First, the typo on the cover letter providing courtesy copies is not impertinent or scandalous, and certainly does not rise to the level of perjury. Indeed, the cover letter is not an official pleading. Though the typo is unfortunate and may even be embarrassing to the defendants, that is not a reason to strike the associated motion and materials.

Second, though Mr. Miles contends that the package he received containing the courtesy copies was dated with a December 9 postmark, he has provided no copy of the envelope to support his claims. The defendants represent that they mailed the courtesy copies on December 4, 2019, the same day that they filed the motion. On this record, the Court is unable to evaluate Mr. Miles's claims. Furthermore, even if Mr. Miles had received a late-postmarked package, he has failed to demonstrate any prejudice caused by the alleged untimeliness. Indeed, no hearing or briefing scheduled regarding the motion was set, and Mr. Miles was able to file his response brief in a timely fashion. (*See* ECF No. 60.)

In sum, Mr. Miles has not demonstrated why the defendants' Motion for Judgment on the Pleadings should be stricken.

Accordingly, IT IS HEREBY ORDERED that: Mr. Miles's Motion to Strike (ECF No. 61) is DENIED.

Date: January 3, 2020         *s/Katherine Menendez*
                              Katherine Menendez
                              United States Magistrate Judge